UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEREK M. WARD,

        Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____/

Case No. 2:20-cv-105

Hon. Paul L. Maloney
U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

This Report and Recommendation (R&R) addresses Plaintiff's Counsel's request for attorney fees under the Equal Access to Justice Act (EAJA). (ECF No. 24.)

On February 14, 2022, the undersigned issued an R&R recommending that the Court reverse the decision of the Commissioner of Social Security ("the Commissioner") and remand this case under sentence four of 42 U.S.C. § 405(g) for further proceedings. (ECF No. 21.) On March 1, 2022, District Judge Paul L. Maloney issued an order approving and adopting the undersigned's R&R (ECF No. 22) and entered judgment in accordance with the order (ECF No. 23).

On June 3, 2022, Counsel for Plaintiff — attorney Eva I. Guerra — filed an untimely application for attorney's fees under the Equal Access to Justice Act (EAJA), including a request for good cause for the untimely filing. (ECF No. 24.) Guerra says that she inadvertently missed the filing deadline while simultaneously dealing with

Covid-19 and the death of her sister-in-law. (*Id.*, PageID.658.) She contends that equitable tolling should apply under these circumstances, and that the Court should therefore consider her application for attorney fees. (*Id.*, PageID.658-659.) Guerra requests a total of $5,813.01 in fees, including 24.6 hours of work at a rate of $232.09 an hour, and expenses of $103.60. (*Id.*, PageID.662-663.)

On June 17, 2022, the Commissioner objected to Guerra's application for two reasons. First, the Commissioner contends that Guerra's circumstances do not warrant equitable tolling of the EAJA's deadline for applying for attorney fees. (ECF No. 25, PageID.681.) Second, the Commissioner contends that Guerra provided insufficient support for her requested hourly rate of $232.09 — $107.09 over the EAJA's presumptive cap of $125 per hour.[1] (*Id.*, PageID.682-684.) The Commissioner emphasizes that until recently, this Court awarded EAJA fees at a rate of $175 per hour. (*Id.*, PageID.684.) But in February of 2022, this Court awarded EAJA fees at a rate of $204.75. (*Id.* (citing *Pfeifle v. Comm'r of Soc. Sec.*, No. 1:20-CV-1127, 2022 WL 392232, at *1 (W.D. Mich. Feb. 8, 2022), *R&R adopted*, No. 1:20-CV-1127, 2022 WL 392231 (W.D. Mich. Feb. 9, 2022)).) Provided that the Court finds that equitable tolling should apply, the Commissioner does not oppose an hourly rate consistent with these prior awards.

For the reasons set forth below, the undersigned respectfully recommends that the Court deny Guerra's application for attorney fees under the EAJA as untimely.

---

[1]    The Commissioner does not object to the number of hours that Guerra claims, nor does she object to the requested amount for Guerra's expenses.

Though the undersigned is sympathetic to Guerra's circumstances, Guerra has not established that equitable tolling is appropriate in this case.

## II. Analysis

"The EAJA provides that prevailing parties in certain federal court proceedings may recover attorney fees and costs from the government." *Townsend v. Comm'r of Soc. Sec.*, 415 F.3d 578 (6th Cir. 2005). As an initial matter, three conditions must be met in order for a plaintiff to recover attorney fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there must be no special circumstances that would warrant a denial of fees. *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 725 (6th Cir. 2014). In her brief, Guerra sets forth facts and arguments addressing these points. (ECF No. 24, PageID.661-662.) The Commissioner did not oppose these assertions and, instead, focused on the timeliness of Guerra's application and the amount of the award.

A party seeking attorney fees under the EAJA must file an application for fees "within thirty days of the final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). The Court's March 1, 2022 judgment became final for EAJA purposes when that judgment was no longer appealable by the Commissioner. Federal Rule of Appellate Procedure 4(a) establishes that, in a civil case to which a federal officer is a party, the time for appeal ends sixty days after entry of judgment. Sixty days after March 1, 2022, was April 30, 2022. However, April 30, 2022 was a Saturday. As such, the Court's March 1, 2022 judgment became unappealable on May 2, 2022, *see* Fed. R.

App. P. 26(a)(1)(C), and the deadline for an application for fees under the EAJA was June 1, 2022. Guerra filed the present application two days later on June 3, 2022. (ECF No. 24.) As such, the present application was untimely.

Though her application was untimely, Guerra correctly points out that courts in this circuit apply equitable tolling under the EAJA "in certain, limited circumstances." *Townsend v. Comm'r of Soc. Sec.*, 415 F.3d 578, 582-583 (6th Cir. 2005). As the individual seeking equitable tolling, Guerra bears the burden of establishing that there are exceptional circumstances warranting its application. *Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 49 (6th Cir. 2008). "This is a high hurdle to clear, as 'federal courts sparingly bestow equitable tolling.'" *Id.* (quoting *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir.2000)).

Courts consider five factors in determining whether equitable tolling is appropriate:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Hayes v. Comm'r of Soc. Sec.*, 895 F.3d 449 (6th Cir. 2018) (alteration in original) (quoting *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007)). Guerra asserts that equitable tolling of the EAJA application deadline is appropriate in this case because she inadvertently missed the deadline after becoming ill with Covid-19 while simultaneously dealing with the death of her sister-in-law. (ECF No. 24,

4

PageID.658.) Though the undersigned is sympathetic to Guerra's circumstances, these circumstances do not speak to any of the above factors. By Guerra's own admission she was aware of the filing deadline — she had the deadline recorded on her to-do list. (*Id.*) And nothing occurred in this case to put that deadline in question. *See Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990) ("Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."). Instead, Guerra by her own words inadvertently missed the deadline. (ECF No. 24, PageID.658.)

Unfortunately, the relevant factors weigh firmly against equitable tolling in this case. As such, the undersigned need not address the Commissioner's arguments that Guerra's insufficiently supported her requested hourly rate. The undersigned respectfully recommends that the Court deny Guerra's application.

### III. Recommendation

The undersigned respectfully recommends that the Court deny Guerra's application for attorney fees under the EAJA (ECF No. 24) as untimely. Although the undersigned is sympathetic to Guerra's circumstances, Guerra has not established that equitable tolling is appropriate in this case.

Dated:  January 23, 2023                                    /s/ *Maarten Vermaat*
                                                            MAARTEN VERMAAT
                                                            U.S. MAGISTRATE JUDGE

5

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).